McKinney, J.
delivered the opinion of the court.
*543 This is a motion for judgment against -a constable, under the act of 1835, ch. 17, sec. 4, for failing to return an execution issued by a justice of the peace. The defence is, that the execution is not merely voidable, but absolutely void.
From the statement of facts in the record, agreed upon by the parties, it appears that on the 26th day of May, 1847, Reams recovered judgment before a justice against Drury Parsley for the sum of $70 65. On the same day, Thomas C. Parsley at the request of the defendant in the judgment, gave the justice verbal direction to sign his name as stayor of said judgment. This direction was given in person to the justice at the distance of about one hundred and fifty yards from his office, but in the absence of the papers, and record of the judgment, which were then in the office. Pursuant to this direction, the justice on the same day, without other authority, entered the name of the said Thomas C. Parsley, as stayor.
The stay expired on the 26th day of January, 1848, and on the 25th day of February, thereafter, Drury Parsley died intestate and insolvent. On the 25th of February, 1848, an execution was issued upon said judgment, in the joint names of the principal and stayor— there having been no grant of administration upon the estate of the former at that time, and consequently no revivor of the judgment against any one as personal representative.
The execution, issued as aforesaid, was placed in the hands of the defendant McNail — a constable of Williamson county — on the day of its issuance; he retained it for more than thirty days, and has not yet returned it to the justice’s office. Upon the foregoing facts, the circuit judge held that the plaintiff’s motion could not *544 be maintained, and rendered judgment in favor of the defendant, from which the plaintiff prosecuted an appeal in error to this court.
It is insisted for the defendant, that the execution is void upon two grounds. First: That the verbal direction to the justice was wholly inoperative and communicated to him no authority to enter the name of Thomas 0. Parsley as stayor of the execution. It is true, as argued by defendant’s counsel, that the stay of an execution upon a justice’s judgment is in the nature of a confession of judgment; and as held in the case of Hickman vs. Lewis, Martin and Yer. R. 116, to bind the stayor, there must be either a sufficient authority in writing to the justice to enter the name of the person as stayor, or he must sign his own name or be present when the justice signs his acknowledgment as security for the stay; and the record of the judgment upon which execution is stayed, must also be present when such entry is made. And if Thomas C. Parsley were here contesting his liability as stayor in this case, in a proceeding directly for that purpose, he would perhaps be entitled to avoid the execution issued against him. But the defendant McNail, cannot be heard to set up that defence. The justice had jurisdiction to take the stay, and his error of judgment, at most, would only make the execution voidable, not void.
Second: It is argued that the execution was void because of the death of the principal defendant before its issuance. The contrary of this proposition is adjudged in the case of Cabiness vs. Garnett. 1 Yer. 491. There the principal defendant in a judgment, rendered by a justice, died after judgment, his death was suggested and thereupon execution issued in his name and the stayor’s *545 jointly, and it was held to be regular, and that the property of the stayor was liable for the satisfaction of the execution. But if the execution in this case were admitted to be irregular and voidable, it would furnish no ground of defence for the officer in refusing to execute it; being only a ministerial officer, the constable was only bound to see that the tribunal whence it issued had jurisdiction — it was not incumbent upon him to inquire into the -regularity or legality of the process: though irregular, erroneous and voidable, it would have been a sufficient justification for him. 5 Hump. 332.
The law applicable to this case has not been changed by any legislative enactment subsequent to the decision of the case of Cabiness vs. Garnett, above referred to.
The act of 1888, ch. 102, sec. 1, permits a revivor against the personal representative in a case like the present, but it does not, perhaps, imperatively require such revivor. The act of 1843, ch. 32, sec. 1, is for the sole benefit of the stayor, of which he may avail himself or not at pleasure, but it certainly furnishes no ground of defence to an officer, who has made no attempt to execute the process placed in his hands.
The judgment of the circuit court will be reversed and judgment rendered against the defendant, as was done by the justice.